IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EVELYN JANETTE LILES-LAWYER                                    PLAINTIFF

vs.                              Civil No. 4:10-cv-04163

MICHAEL J. ASTRUE                                             DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Evelyn Janette Liles-Lawyer ("Plaintiff") brings this action pursuant to § 205(g) of Title II

of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her application

for a Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"),  and period of

disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

1. **Background:**

Plaintiff filed her application for DIB on April 11, 2008 and for SSI on April 17, 2008.  (Tr.

8, 133-145).  Plaintiff alleged she was disabled due to seizures, high blood pressure, depression,

anxiety, and headaches.  (Tr. 12, 214).  Plaintiff alleged an onset date of April 10, 2008.  (Tr. 133).

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for
this case are referenced by the designation "Tr."

1

Plaintiff's applications were denied initially and was denied at the reconsideration level. (Tr. 58-68, 71-74).

On October 20, 2008, Plaintiff requested an administrative hearing on her applications. (Tr. 75-76). This hearing was held on September 21, 2009 in Texarkana, Arkansas. (Tr. 17-57). Plaintiff was present and was represented by Stanley Brummell, at this hearing. *See id.* Plaintiff, her mother Sharon Mobley, Medical Experts Dr. James Rousert and Dr. Sterling Moore, and Vocational Expert John Wong ("VE") testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-one (41) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a 10th grade education. (Tr. 22, 37).

On October 21, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 8-16). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 10, 2008. (Tr. 10, Finding 2). The ALJ determined Plaintiff had the severe impairments of epilepsy, high blood pressure, and a mood disorder. (Tr. 10, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 11, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 12-15). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not totally credible. (Tr. 12). Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC for a full range of work at all exertional levels with seizure precautions of no driving, no

2

working around water, no working at unprotected heights, no working around dangerous moving machinery, and no climbing of ladders, ropes, or scaffolds. (Tr. 12, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and her ability to perform that work and other work in the national economy. (Tr. 15-16, Finding 6). The ALJ determined Plaintiff's PRW included work as a unit clerk, school custodian, child nursery worker, security guard, cashier, and clothing inspector. (Tr. 16). The ALJ determined, considering her RFC, that Plaintiff would be able to perform all of her PRW. (Tr. 15, Finding 6). The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from April 10, 2008 through the date of his decision. (Tr. 16, Finding 6).

On November 30, 2009, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 132). *See* 20 C.F.R. § 404.968. On October 29, 2010, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 1-4). On November 18, 2010, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on November 30, 2010. ECF No. 5. Both parties have filed appeal briefs. ECF Nos. 8, 9 This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

3

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

4

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 8 at 10-20.  Specifically, Plaintiff claims the ALJ erred (1) in determining her RFC, (2) in evaluating her subjective complaints, and (3) improperly evaluated the opinions of Plaintiff's treating physicians.  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 9.  Because this Court finds the ALJ improperly evaluated the opinions of Plaintiff's treating physician, this Court will only address this issue Plaintiff raised.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.  *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC.  *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC for a full range of work at all exertional levels with seizure precautions of no driving, no working around water, no working at unprotected heights, no working around dangerous moving machinery, and no climbing of ladders, ropes, or scaffolds. (Tr. 12, Finding 5). Plaintiff claims substantial evidence does not support the ALJ's RFC determination because the ALJ erred in his treatment of the opinions of his treating physician, Dr. John Hueter. ECF No. 8, Pgs. 2-5, 18-20. Defendant argues the ALJ considered these opinions but properly disregarded them for being inconsistent with the evidence in the record. ECF No. 9, Pgs, 6-8.

Social Security Regulations and case law state a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating

physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff received a seizure diagnosis from Dr. John Hueter, in December 2007 after she was hospitalized due to seizures and underwent several tests. (Tr. 243-336). The medical record shows Plaintiff was seen by Dr. Hueter on several occasions for follow-up from January 2008 through March 2009. (Tr. 347-348, 369-370, 397-398, 438-439, 445-446).

On September 11, 2009, Dr. Hueter completed a Seizure RFC Questionnaire. (Tr. 441-443). Dr. Hueter described the seizures as generalized with loss of consciousness and occurring 2 to 3 times a month. The last three seizures had occurred on August 7, 2009, August 23, 2009 and September 7, 2009 and had lasted 10 to 15 minutes. *Id.* Dr. Hueter indicated the Plaintiff had postictal manifestations for two hours after a seizure, but the seizure activity interfered with her concentration. *Id.* Dr. Hueter stated the Plaintiff's seizures were likely to disrupt the work of co-workers, she would need more supervision at work than an unimpaired worker, she would need to take unscheduled breaks during an 8 hour workday at least one daily for 30 minutes, she would be absent from work on average of more than three times a month due to her impairment or treatment, and she would be able to deal with moderate stress at work. *Id.*

The ALJ acknowledged the fact that Dr. Hueter found Plaintiff disabled; however he discredited Dr. Hueter's opinion because he did not support his opinions with objective medical diagnostic studies and his progress notes did not reveal any evidence of ongoing seizure activity. (Tr. 15). Instead, the ALJ relied on state agency medical consultants who determined the Plaintiff's condition may limit her activities, but are not severe enough to be considered disabling under Social

7

Security guidelines.  *Id.*  However, these physicians were not treating physicians.

Although there do not appear to be progress notes regarding ongoing seizure activity, Dr. Hueter does state in his Seizure RFC Questionnaire that Plaintiff suffered seizures on August 7, 2009, August 23, 2009 and September 7, 2009.  (Tr. 441).  Given that the administrative hearing was September 21, 2009, these dates were just within a few weeks of the hearing and this could account for lack of progress notes in the record.  Furthermore, the record does not contain other medical assessments which are supported by better or more thorough medical evidence as required by SSR 96-2p in order to disregard a treating physician's opinion.

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel.  If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations.  *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984).  Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments.  *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994).  The ALJ  must  develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled.  *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).

In this matter substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinion of Plaintiff's treating physician, Dr. Hueter.  Because the ALJ did not properly review the opinions of Plaintiff's treating physician, this case should be reversed and remanded for proper review and analysis of the opinions of Dr. Hueter.  This remand should also include verifying that a complete set of records from Dr. Hueter are included in the record and an attempt to clarify and explain the stated limitations found by Dr.

Hueter.  Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.[2]

**4. <u>Conclusion:</u>**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **10th day of February, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

9